UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 23-cv-04394-AMO (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE NEW *IN FORMA PAUPERIS* APPLICATION** |

On August 24, 2023, Plaintiff Daronta T. Lewis commenced this action by filing a civil rights complaint form and a prisoner's *in forma pauperis* ("IFP") application. Dkts. 1, 2.

On November 15, 2023, Lewis filed a notice of change of address to a non-prison address, and thus it seems that he has since been released from custody. Dkt. 6.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. *See* 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. *See id.* However, if a prisoner who seeks leave to proceed IFP is released from prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted. *See, e.g.*, *DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (holding that statutory language, legislative intent, and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of section 1915(a)(1)), *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997) (same), *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Lewis is no longer incarcerated, in order for the Court to assess whether he is entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). If, based upon the information provided by Lewis, the Court grants Lewis leave to proceed IFP, the Court will proceed to review the complaint under section 1915(e)(2).[1] If the Court determines that Lewis is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

Accordingly, Lewis is hereby ORDERED to file a new application to proceed IFP. Lewis shall answer all questions in the attached application and shall provide any requisite documentation. He shall file his completed application within **twenty-eight (28) days** of the date of this Order. The failure to do so will result in the dismissal of this action without prejudice.

Lewis's prior prisoner's application to proceed IFP is **DENIED** as moot. Dkt. 2.

The Clerk is directed to send Lewis a blank non-prisoner IFP application form.

This Order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: January 2, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.